UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ARCH SPECIALTY INSURANCE COMPANY,

                          Plaintiff,

              -against-

JUN'S CONSTRUCTION, INC.,

                        Defendant.

_____

Docket No.: 19-CV-1256

**COMPLAINT**

Plaintiff Arch Specialty Insurance Company ("Arch"), by its attorneys, Goldberg Segalla LLP, seeks a declaratory judgment against the Defendant, Jun's Construction, Inc. ("Jun's") pursuant to 28 U.S.C. §§ 2201 and 2202, and alleges as follows:

## INTRODUCTION

1.      This is a civil action seeking a declaratory judgment declaring that pursuant to the terms of a Commercial General Liability Policy issued to Jun's, Arch owes no duty to defend or indemnify Jun's for the claims asserted in an underlying action captioned *John Dwyer and Brid Saxe Dwyer, Plaintiffs v. RNMB West 58 LLC and Barone Management, LLC, Defendants* (Supreme Court of the State of New York, New York Co., Index No.: 158539/2015) including the third-party and fourth-party actions associated therewith (collectively the "Underlying Action").

## THE PARTIES, JURISDICTION, AND VENUE

2.      At all relevant times, Arch was and is a foreign insurance corporation organized under the laws of the State of Missouri with a principal place of business in the State of New Jersey.

22337150.v1

3.     At all relevant times, defendant Jun's was and is a corporation incorporated in the State of New York, with its principal place of business in the State of New York.

4.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of value of $75,000 and is between citizens of different states.

5.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because the instant action concerns an insurance policy that was issued by Arch to Jun's in Nassau County, New York, which is part of this judicial district.

## THE ARCH POLICY

6.     Arch issued commercial general liability policy number AGL0020629-00 to Jun's, effective December 29, 2014 to December 29, 2015 with policy limits of $2,000,000 per each occurrence (the "Policy").

7.     The Policy contains, *inter alia*, a New York Limitation Endorsement – Work Done on Your Behalf by Uninsured or Underinsured Subcontractors (form 00 AGL01020 33 05 14) that provides in relevant part, as follows:

A. Section IV – Commercial General Liability Conditions is amended by the addition of the following conditions:

1. You will obtain agreements, in writing, from all "subcontractors" for each and every job that you employ a "subcontractor", pursuant to which the "subcontractor(s)" will be required to defend, indemnify and hold you harmless, and any other Named Insured under this policy for whom the "subcontractor" is working, for any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of the work performed by the "subcontractor".

2. Certificates of Insurance for Commercial General Liability coverage written on standard Insurance Services Office, Inc. (ISO) forms, or their equivalent, with limits equal to or greater than $1,000,000, will be obtained by you from all "subcontractors" prior to commencement of any work

2

performed for any insured.

3. You, and any other Named Insured under this policy for whom the "subcontractor" is working, will be named as additional insured on all of the "subcontractors" Commercial General Liability policy(ies). Each Certificate of Insurance referenced in Paragraph 2. above will show this additional insured designation.

B. The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability and Paragraph 2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:

This insurance does not apply to any claim, "suit", demand or loss that alleges "bodily injury", including injury to any "worker", "property damage" or "personal and advertising injury" that in any way, in whole or in part, arises out of, relates to or results from operations or work performed on your behalf by a "subcontractor", unless such "subcontractor":

1. Has in force at the time of such injury or damage a Commercial General Liability insurance policy that:

a. names you and any other Named Insured as an additional insured;

b. provides an each-occurrence limit of liability equal to or greater than $1,000,000; and

c. provides coverage for you for such claim, "suit", demand or loss; and

2. Has agreed in writing to defend, indemnify and hold harmless you and any other Named Insured under the policy for any claim or "suit" for "bodily injury" to any "worker" arising out of the work performed by such subcontractor, to the fullest extent allowed by law.

C. For purposes of this endorsement only, "subcontractor" means any person or organization who is not an "employee" of an insured and does work or performs services for or on behalf of an insured. . . .

8.     The Policy also contains, *inter alia*, a Three Story Height Limitation Endorsement, which provides in relevant part as follows:

**THREE STORY HEIGHT LIMITATION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABIILTY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

> This insurance does not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of any contracting operations performed by you or by a subcontractor working directly or indirectly on your behalf on:
>
> **(1)** The exterior sides of a buildling where the work is performed at a height that exceeds three stories.  However, this paragraph **(1)** does not apply to roofing operations.
>
> **(2)** Structures, other than buildings, where the work is performed at a height in excess of 50 feet.

All other terms and conditions of thi Policy remain unchanged.

## THE UNDERLYING ACTION

9.      On August 18, 2015, John Dwyer filed the Underlying Action wherein he alleges bodily injury sustained on August 9, 2015, while he was a pedestrian when he tripped and fell over a pile of concrete that was negligently left out on the street.

10.     Dwyer alleges that his accident arose from a construction project at 538 West 58 Street, in the Borough of Manhattan, City and State of New York (the "Project").

11.     Dwyer alleges that his accident was caused by the negligence and violations of Labor Law sections 200, 240(1), and 241(6) by RNMB West 58 LLC and Barone Management LLC's

4

12.　　On January 16, 2018, RNMB West 58 LLC and Barone Management LLC filed a third-party action against Jun's, alleging causes of action for common law indemnification, contribution, and negligence.

## DECLARATORY JUDGMENT

13.　　Jun's had subcontracted its work on the project to other entities, including Deng Lin.

14.　　Arch agreed to provide Jun's with a defense in the Underlying Action, but has reserved its right to deny coverage based on the Policy's New York Limitation Endorsement and Three Story Height Limitation Endorsement.

15.　　Arch has requested the mandatory certificate of insurance for Deng Lin that covered the date of John Dwyer's alleged accident.

16.　　Jun's has averred that it could not locate any certificate of insurance for subcontractor Deng Lin that covers the date of John Dwyer's alleged accident.

17.　　Jun's has not submitted any information demonstrating that it is entitled to named insured or additional insured status under any policy issued to any of its subcontractors.

18.　　Therefore, Jun's failed to comply with the New York Limitation Endorsement and there is no coverage for Jun's under the Policy for the Underlying Action.

19.　　On September 19, 2018, Arch disclaimed coverage to Jun's for the Underlying Action.

20.　　Notwithstanding such disclaimer, Arch has, to date, continued to provide a defense to Jun's.

22337150.v1

21.     A justiciable controversy exists because Arch has been defending Jun's in the Underlying Action but is entitled to a determination that no defense or indemnity obligation is owed.

22.     Plaintiff has no adequate remedy at law.

23.     Based upon the foregoing, Arch is entitled to judgment setting forth the rights and obligations of the parties under the subject Arch policy and declaring that Arch owes no duty to defend or indemnify Jun's for any of the claims in the underlying action.

**WHEREFORE,** plaintiffs request that this Court issue a judgment declaring that (1) Arch does not owe coverage to Jun's in the underlying action; (2) Arch has no obligation to defend or indemnify Jun's in the underlying action; (3) Arch may withdraw from the defense of Jun's in the underlying action; and (4) granting Arch any such other and further relief as the Court may deem just and proper.


Dated: Buffalo, New York
       March 4, 2019

                                    /s/ *Jonathan Schapp*
                                    GOLDBERG SEGALLA LLP
                                    Jonathan Schapp, Esq.
                                    *Attorneys for Defendant*
                                    *Arch Specialty Insurance Company*
                                    665 Main Street
                                    Buffalo, New York 14203
                                    Telephone:  (716) 566-5400
                                    jschapp@goldbergsegalla.com

22337150.v1